Annie Gabrielle *vs.* Arthur M. Cottrell, Jr. *et al.*

NOVEMBER 26, 1948.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

PER CURIAM. The above-entitled case is before us on a citation to the respondents to show cause why the writ of certiorari should not be issued as prayed for in the petition. In the judgment of the court the respondents' motion to dismiss the petition, regardless of its caption, clearly appears in the existing circumstances to have been addressed to the petition and to the issue whether, as of the date when such petition was filed, the court should exercise its discretion in issuing the writ pursuant thereto.

When the petition was presented for filing and the above-mentioned citation was issued, counsel did not call to the court's attention the provisions of general laws 1938, chapter 163, §10, and chap. 164, §9, as recently amended by public laws 1948, chap. 2124, approved April 30, 1948. Under such statute as last amended the petitioner at the time of the filing of the petition for certiorari had the right and ample time to claim an appeal from the decision of the respondents to the liquor control administrator, and there to have a hearing *de novo*, if she desired. If that fact had been called to our attention, the court would not have ordered the issuance of a citation to the respondents to show cause because there then was available to the petitioner an otherwise express and adequate remedy to have the liquor control administrator review the respondents' decision suspending her license.

For that reason it is the opinion of the court that the respondents' motion to dismiss the petition for a writ of certiorari should be granted. Since this determination is controlling in the proceedings before us, it becomes unnecessary to pass specifically upon the petitioner's purported demurrer to respondents' motion to dismiss, or upon her motions to quash the return and to suppress the counter affidavits of the respondents.

The respondents' motion to dismiss the petition is granted and the petition is denied and dismissed.

*Frank S. Cappuccio, Louis B. Cappuccio,* for petitioner.

*John M. Dunn, Town Solicitor,* for respondents.